Capitol Township, County of Sangamon, Appellant, v. Pleasure Parkway and Drive District, County of Sangamon, Appellee.

Gen. No. 9,717.

Opinion filed November 2, 1950. Released for publication November 28, 1950.

THOMAS W. HOOPES, of Springfield, for appellant.

WANLESS & WANLESS, of Springfield, for appellee; PAUL F. WANLESS, of Springfield, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff appellant, Capitol Township, filed a complaint at law in the circuit court of Sangamon county against defendant appellee, Pleasure Parkway and Drive District in the County of Sangamon, seeking to recover one-third the cost of an election held on April 12, 1949. Defendant's motion to dismiss the complaint was allowed, a judgment in bar and for costs in favor of defendant was granted and this appeal resulted.

The complaint alleged, in substance, that the plaintiff and the City of Springfield are co-extensive and identical in territory; that the defendant's territory included all of the plaintiff's territory and contained

40

other adjoining territory; that school district No. 186 is composed of plaintiff's territory and certain other territory, and that the school district, prior to the election day on April 12, 1949, had elected to come under the provisions of chapter 46, sec. 2–34 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 43.539]; that the Board of Election Commissioners of the City of Springfield gave notice in form and time as required by law that on April 12, 1949, an election would be held in plaintiff township for the election of supervisors and assistant supervisors, in that part of the school district situated within the township for members of the Board of Education, and in that part of defendant district situated in Capitol township for president and trustees; that on April 12, 1949, said elections were held and were conducted in the same polling places and by the same clerks and judges and that for said elections the plaintiff paid a total of $12,453.24 of which the school district afterward paid plaintiff one-third of that cost. The complaint concludes:

"9. That by reason of the foregoing, the defendant became liable to pay to the plaintiff, and promised and undertook to pay to plaintiff, the sum of $4,151.08, and although requested to do so, has failed and refused to pay the same, to the damage of plaintiff of $4,151.08. Wherefore, it brings suit and prays judgment for said amount and costs of suit."

The Motion to Dismiss alleged—

1. That the complaint did not state a cause of action in that (a) no statutory obligation on defendant was alleged, and (b) that no promise to pay was alleged, the allegations of paragraph 9 quoted above being merely a conclusion that the prior paragraphs amounted to a promise to pay, (c) which they do not so amount to, and (d) that no power or authority existed in defendant to pay plaintiff for election

cost by virtue of statute were alleged and that without such power and authority there can be no obligation in that regard.

The question before this court therefore is whether plaintiff's complaint stated a cause of action assuming all well pleaded facts therein to be true, together with all reasonable inferences which can be drawn from those facts. *Doner v. Phoenix Joint Stock Land Bank of Kansas City,* 381 Ill. 106.

Both parties concede that the defendant's obligation to pay must exist if at all in the statutes of this State. It is therefore upon the election statutes concerned that the correctness of the action of the court below must turn.

Section 14–11 of chapter 46 of Illinois Revised Statutes, 1949 [Jones Ill. Stats. Ann. 43.849] provides in part:

"At all township elections, general or special, held for the election of township officers only, for any township or townships of which said city may be a part, such township or townships shall pay the judges and clerks for their services at such election and at any registration preceding such election and all expenses connected with such registration and election and it shall be the duty of the board of election commissioners in cities lying in two or more townships to apportion such expenses and salaries of judges and clerks among the several townships according to the benefits received.

"At all elections held for the purpose of electing a member of a park board or school board, or for purpose of voting upon a proposition or propositions submitted by such board and for no other purpose, such board shall pay the expenses of such election. At all elections held under the provisions of Articles 6, 14 and 18 of this Act at which any trustee of schools shall be elected, the expenses of such election

42

shall be paid out of the treasury of the school township for which the trustee is elected.''

It is the first contention of plaintiff that its complaint should stand because said section 14–11 of chapter 46, standing alone, should be construed to hold that the cost of the election should be apportioned between the township and the park district. Plaintiff's theory is that because in substance each of the above-quoted paragraphs provides that the entire cost of an election must be borne by whichever elective unit conducts the election, in case two governmental subdivisions hold simultaneous elections using the same facilities, neither township nor park district should bear the entire cost and that by necessary implication the cost should be apportioned.

██ With this contention this court cannot agree. The legislature has authority to apportion the expenses of elections among the various governmental subdivisions of the State and require each to bear its portion. *Jacob v. City of Peoria,* 345 Ill. 222. It is clear, however, from even a cursory reading of section 14–11 that the legislature did not exercise this authority in that section. The one clear reference to apportionment in the first quoted paragraph of section 14–11 by necessary implication excludes a further apportionment by construction such as plaintiff here seeks, no contrary legislative intent appearing, under the maxim of statutory construction, ''expressio unius est exclusio alterius.'' *Downers Grove Community High School Dist. No. 99 v. Board of Education of Non-High School Dist. DuPage County,* 329 Ill. App. 208; *Howlett v. Doglio,* 402 Ill. 311. It is also noteworthy that in the one case of apportionment established by the statute the method is ''according to benefits received,'' which is repugnant to plaintiff's theory expressed in its complaint that there being three governmental subdivisions involved, each, including defendant, should

bear one-third the cost, with no mention of benefit received.

Plaintiff's next contention is based on chapter 46, section 2–34, Illinois Revised Statutes, 1949, which provides as follows:

"Any village or park district whose elections under the statutes of this State are required to be held on the third Tuesday in April, and any school elections which under the statutes of this State are required to be held on the second Saturday in April, may upon the adoption of this section in the manner in this section provided be held on the first Tuesday in April.

"In the event two or more of the political subdivisions referred to in this section adopt the provisions of this section and their elections are held on the same day and in the same locality, they shall have the same voting hours, same polling places and the same precinct election officials.

"Any village, park district or school district may avail itself of the benefits of this section by adopting an ordinance or resolution to that effect, on or before sixty (60) days prior to an election in such political subdivision. Upon the adoption of said ordinance or resolution, a copy of the same shall be certified to the proper officer or board of election commissioners having the duty of printing the ballots for use at said elections on or before fifty (50) days prior to the election and thereupon said election shall thereafter be held on the first Tuesday in April. The cost of holding said elections shall be apportioned equally between the political subdivisions participating in said elections."

Plaintiff's contention is that when the school district adopted section 2–34 the defendant became liable for its share of the costs, even though the defendant could not have adopted the provisions of section 2–34. Defendant's position is that since the only political sub-

44

divisions required to apportion costs are "the political subdivisions referred to in this section, . . ." and that defendant is not so referred to (inasmuch as its elections are not required to be held on the first Saturday in April) it cannot become liable.

 The sentence of section 2–34—"the cost of holding said elections shall be apportioned equally between the political subdivisions participating in said elections," can only refer to the political subdivisions previously mentioned in that section, *i. e.*, "any village, school, or park district." Plaintiff seeks to extend the provisions by construction to the case where a township, a school district, and a park district not all within the plain language of this section share the same facilities. The statute cannot be so construed under the rule of construction "expressio unius exclusio alterius" applied in the cases above cited. The legislature could have enacted otherwise, but it did not. Plaintiff's contention that the legislature had the right to make apportionment between three political subdivisions dependent on the action of one of them, neglects the first clause of the second paragraph of section 2–34, which plainly makes the benefits of the section dependent upon the action of "two or more" political subdivisions adopting the provisions of that section of the statute. It does not appear that either of the parties to this suit ever adopted the provisions of the statute.

For the reasons above stated, the circuit court was correct in dismissing plaintiff's complaint. The judgment of the circuit court of Sangamon county is therefore affirmed.

*Affirmed.*