People of the State of Illinois, Plaintiff-Appellee, v. Jesse J. James, Defendant-Appellant.

Gen. No. 49,585.

First District, Second Division.

November 10, 1964.

Edward I. Rosen, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

Defendant Jesse J. James was arrested on September 2, 1963 and charged with "unlawful use of weapons," a criminal offense under the Deadly Weapons Act (Ill Rev Stats 1963, c 38, § 24–1(a)(4)). A bench trial in the Municipal Court of Chicago resulted in a finding of guilty and the imposition of a fine in the amount of $25 and costs, from which he appeals.

Defendant was arrested in a drug store while shopping and found carrying a loaded revolver in his trouser pocket. No pertinent disputed issue of fact arose at the trial. The sole question for determination

is whether his occupation as a prison guard in the House of Correction entitled him to an exemption under the statute (Ill Rev Stats 1963, c 38, § 24–2(a)(2)). When arrested, defendant was off duty and not commuting between his home and place of employment.

The provisions with respect to exemptions read in part as follows:

"24–2. § 24–2. Exemptions.) (a) Subsections 24–1(a)(3) and 24–1(a)(4) shall not apply to or affect any of the following:

"(1) Peace officers or any person summoned by any such officers to assist in making arrests or preserving the peace while he is actually engaged in assisting such officer.

"(2) Warden, superintendents and keepers of prisons, penitentiaries, jails, and other institutions for the detention of persons accused or convicted of an offense.

"(3) Members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard or the Reserve Officers Training Corps, while in the performance of their official duty.

"(4) . . . watchmen, while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment."

 The State's Attorney contends that a warden, superintendent, or keeper of a prison must be actually engaged in his duties to lawfully entitle him to have a weapon on his person. The basis of this contention is that defendant was a keeper of a prison only during the course of his employment. However, the exemptions listed under subsection (a) are of two kinds: (1) exemptions due to a person's status, and

(2) exemptions due to both a person's status and to his employment. Persons entitled to an exemption due to their status are peace officers, and wardens, superintendents, and keepers of prisons. Persons entitled to an exemption due to their status and to their employment are set out in the remaining paragraphs of section 24–2(a). For instance, any person summoned by any peace officer "while he is actually engaged in assisting such officer" is exempt. Likewise, members of the Armed Services and other military units are exempt "while in the performance of their official duty." Finally, watchmen are exempt "while actually engaged in the performance of the duties of their employment or commuting between their homes and places of employment." We think it clear that if the legislature had intended that keepers of prisons should be exempt only during the course of their employment, words to that effect would have been added to the statute. That part of the statute dealing with keepers of prisons shows no qualification whatsoever. The statute quite clearly provides that an individual's status as a keeper of a prison is sufficient to exempt him, at all times, from the restraints set forth in sections 24–1(a)(3) and 24–1(a)(4) of the Deadly Weapons Act. He need not be engaged, on the job, as a keeper of prisons, in order to be exempt. The maxim "expressio unius est exclusio alterius" is applicable in construing the enumerated exceptions of the statute. Howlett v. Doglio, 402 Ill 311, 320, 321, 83 NE 2d 708 (1949).

■■ The remaining contention of the State is that defendant's failure to present a motion in arrest of judgment constitutes a waiver of his right to have this court pass on questions of law arising on the face of the record. We believe that the facts of this case did not require a motion in arrest of judgment in order to preserve the question of whether defend-

364

ant is exempt from the provisions of section 24–1(a) (4) of the Deadly Weapons Act. Since the purpose of such a motion is to give the trial court an opportunity to correct alleged errors, it was not necessary in this case because the facts were simple and undisputed; the trial judge at all times understood the one simple legal issue presented. He had ample opportunity to correct his error and to make his final ruling with full understanding of the legal issue involved. The judgment of the Municipal Court is reversed.

Judgment reversed.

BURKE, P. J. and BRYANT, J., concur.