(No. 15805.—Judgment affirmed.)
CHARLES COSSITT SHEDD *et al.* Exrs., Appellants, *vs.*
ALVINA F. PATTERSON, Admx., Appellee.

*Opinion filed April 14, 1924—Rehearing denied June 12, 1924.*

1. ACTIONS AND DEFENSES—*what actions survive at common law.* By the statute of 4 Edward III, (chap. 7,) which is a part of the common law of Illinois, actions for injuries to personal property survive in favor of the personal representative, but all other tort actions abate at common law upon the death of the sole plaintiff or defendant before trial or verdict.

2. SAME—*common law requires new action where action survives.* Where a cause of action survives at the common law, the plaintiff or his personal representative is required to bring a new action against the defendant or his personal representative.

3. SAME—*action which survives is continued by Abatement act.* By the Illinois statute in relation to abatement a cause of action which survives is continued, and may be prosecuted by or against a personal representative without the institution of a new suit.

4. SAME—*survival statute applies to real property only in popular sense.* Section 123 of the Administration act, providing for the survival of actions for injuries to real property, uses the term "real property" only in its common understanding or meaning.

5. STATUTES—*words will be construed in their ordinary sense.* In construing statutes the court takes words in their ordinary and accepted meaning in popular use.

6. MALICIOUS PROSECUTION—*what is an action for malicious prosecution.* An action for malicious prosecution is an action in tort to recover damages for the institution, maliciously and without probable cause, of a suit which has terminated in favor of the defendant therein.

7. SAME—*when an action for malicious prosecution is not for damages for injury to person or personal property.* An action for damages for the malicious prosecution of civil suits disputing the title to a leasehold estate is not an action for damages for injury to the person nor for detention, conversion or injury to personal property.

8. SAME—*when action for malicious prosecution does not survive.* An action for damages for the malicious prosecution of civil suits disputing the title to a leasehold estate does not survive under the Illinois statute as an action for damages to real property, as the pecuniary loss sustained in defending the suits is not the direct result of injuries to the leasehold estate.

9. WORDS AND PHRASES—*meaning of the word "property."* The word "property," in law, is not the material object itself, but it is the right and interest or domination which is rightfully and lawfully obtained over the material object, with the unrestricted right to its use, either limited or unlimited in duration, as the case may be.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding.

HARRY S. MECARTNEY, and EDMUND J. REYNOLDS, for appellants.

F. J. KARASEK, and W. D. ELMER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 1, 1919, Edward A. Shedd brought an action of trespass on the case in the circuit court of Cook county against John C. Patterson to recover damages for malicious prosecution of a series of suits, five in equity and four at law, disputing the title of Shedd to a leasehold estate in valuable property in Chicago on various grounds and claiming that the leasehold estate had been forfeited, all of which suits terminated in favor of Shedd. A judgment in favor of Patterson in the action for malicious prosecution, af-

firmed by the Appellate Court for the First District, was reversed and the cause was remanded to the circuit court for a new trial. (*Shedd* v. *Patterson,* 302 Ill. 355.) Before the cause was re-docketed in the circuit court Shedd died. A motion of Charles Cossitt Shedd and Christiana M. Shedd, executors of the last will and testament of Edward A. Shedd, deceased, that the action be revived and continued, was denied, and the motion of the defendant, Patterson, that the action abate on account of the death of the plaintiff, was sustained. The action was abated by order of the court and an appeal to the Appellate Court for the First District was allowed. Pending the appeal Patterson died, and Alvina F. Patterson, the administratrix of his estate, was substituted. The appeal was perfected, and the Appellate Court decided that the action abated on the death of the plaintiff, affirmed the judgment, and allowed a certificate of importance and an appeal to this court.

An action for malicious prosecution is in tort to recover damages for the institution, maliciously and without probable cause, of a suit which has terminated in favor of the defendant therein. At common law such action, like that for all other torts, as a general rule abated by the death of the sole plaintiff or defendant before trial or verdict, and if the cause of action was one that would survive, the plaintiff or his personal representative was required to bring a new action against the defendant or his personal representative. Causes of action for trespass to person or property did not survive in favor of or against personal representatives or heirs. The general rule of the common law that actions *ex delicto* abated on the death of either party was modified by the Statute of 4 Edward III, chap. 7, so as to give an action in favor of a personal representative for injury to personal property. That statute became a part of the common law of this State, which changed the common law only so far as related to injuries to personal prop-

erty.  (*Reed* v. *Peoria and Oquawka Railroad Co.* 18 Ill. 403.)  The classes of action which survive have been further enlarged by section 123 of the Administration act, as follows: "In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or non-feasance of themselves or their deputies, and all actions for fraud or deceit." And by our statute in relation to abatement, if the action is one that survives, the same action is continued and may be prosecuted by or against a personal representative.

The action for malicious prosecution of the civil suits was not to recover damages for an injury to the person of the plaintiff nor for the detention or conversion of personal property. The actions brought by Patterson related to a leasehold estate for a long term of years, which was a chattel real and under our law classed as real estate. (*Knapp* v. *Jones,* 143 Ill. 375.) The question to be determined is whether the action for malicious prosecution was an action to recover damages for injury to real property. While the word "property," in common use, is applied to the tangible physical thing commonly called property, in the law it is not the material object but the right and interest which one has in it, to the exclusion of others, which constitutes property. Property, in a legal sense, consists in the domination which is rightfully and lawfully obtained over a material thing, with the right to its use, enjoyment and disposition. In the full sense it denotes a right in point of user, unrestricted in point of disposition and unlimited in point of duration, over a determinate thing, and it may be applied to a right indefinite in point of user but limited in duration, as a life interest in real estate. (2 Austin on Jurisprudence, 817; *Penn Mutual Life Ins. Co.* v. *Heiss,* 141 Ill. 35.) In con-

struing statutes, however, the court takes words in their ordinary and accepted meaning in popular use. (*Stuart* v. *Hamilton,* 66 Ill. 253; *Wheeler* v. *Wheeler,* 134 id. 522; *Culver* v. *Waters,* 248 id. 163.) The rule was applied to the survival statute in *Jones* v. *Barmm,* 217 Ill. 381, and personal property was held in the popular meaning to include only articles or things movable. The same rule applies to real property, and the statute includes only such property in the common understanding. An injury to property in that sense need not be a direct physical injury to the subject of property. An action may be maintained for an injury to property by erecting and maintaining anything amounting to a nuisance by which real estate is damaged or which injures it as a habitation or for other uses. That was the doctrine of *Penn Mutual Life Ins. Co.* v. *Heiss, supra,* where it was considered that the right of action of a lot owner for damages caused by the location and operation of a railroad in the street in front of his lot survived to his personal representative as an injury to his property. In all such cases, however, the damages, although indirect and consequential, are damages to the real estate. The statutes providing for the survival of actions vary considerably, and some may be broad enough to embrace an injury to a right or interest growing out of real estate, but our statute is limited, in terms, to actions to recover damages for an injury to real property. The statute does not expressly or by implication provide for the survival of an action for malicious prosecution, which is not an injury to real estate or to the use or enjoyment of it. Undoubtedly Edward A. Shedd suffered pecuniary losses by the prosecution of the suits against him, but they were not the direct result of injuries to his leasehold estate and do not come within the terms of the statute.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*