Hattie Howlett, Individually and Administrator of Estate of Dorothy M. Lawler and Christine O'Bryan, Plaintiffs, v. Mannis McGarvey et al., Defendants.
Hattie Howlett, Appellee, v. Lena Doglio and Irene Giacopazzi, Appellants.

Gen. No. 9,592.

Opinion filed May 27, 1948. Released for publication June 22, 1948.

HERSHEY & BLISS, of Taylorville, and EKERN, MEYERS & MATTHIAS, of Chicago, for appellants; HARRY B. HERSHEY and CHARLES E. BLISS, both of Taylorville, and DONALD L. THOMPSON, of Chicago, of counsel.

HAROLD BROVERMAN and SCOTT HOOVER, both of Taylorville, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

In an action by plaintiff appellee, Hattie Howlett, as mother of Dorothy M. Lawler, deceased, brought under the Liquor Control Act, known as the Dram Shop Act, a judgment was entered against Lena Doglio

for $3,000; and a judgment was entered against Irene Giacopazzi for $3,000. Each judgment was based on a separate verdict as to each defendant. The defendants appellants, Lena Doglio and Irene Giacopazzi, bring this appeal.

The complaint as to such defendants contained only two counts. One count, filed by Hattie Howlett, individually, named Lena Doglio as defendant. Such count alleged that on July 10, 1946, the defendant was engaged in the business of selling and serving in a tavern alcoholic liquor at retail; that on said day one McGarvey was served intoxicating liquor therein by the defendant, and drank such liquor and as a direct and proximate result thereof became intoxicated; that thereafter on the same day McGarvey was operating an automobile on a State highway in an easterly direction; that at the same time Dorothy M. Lawler, who was a daughter of the plaintiff, was riding in an automobile on the same highway in a westerly direction; that at a certain point on such highway and when McGarvey was still under the influence of such liquor, McGarvey operated his automobile in the northerly lane of the highway and drove it directly into the path of the automobile in which Dorothy M. Lawler was riding as a passenger; that as a direct and proximate result of said action of McGarvey his automobile collided with the automobile in which Dorothy M. Lawler was riding and as a result of said collision Dorothy M. Lawler was killed, and her death was a direct and proximate result of such intoxication of McGarvey. Such count then charged "that as a direct and proximate result of the death of Dorothy M. Lawler the plaintiff has been damaged in her property in the sum of $10,000."

The other count was identical, except that Irene Giacopazzi was named as a defendant therein, and in each place wherein the name Lena Doglio appeared the name Irene Giacopazzi was substituted.

The answer of each defendant admitted such operation of the tavern of such defendant and denied all other material allegations of the complaint, and specifically denied that the plaintiff was entitled to recover damages in any amount.

Neither defendant introduced or offered any evidence. The brief of the defendants states that, "consequently there can be no dispute in the facts."

On the night of July 10, 1946, Dorothy M. Lawler was riding as a guest in an automobile being driven in a westerly direction on the northerly side of a State highway. McGarvey, while in an intoxicated condition, was then driving his automobile in an easterly direction on the northerly side of the same highway, and at such time the two automobiles collided. Dorothy M. Lawler died immediately as a result of the collision. The two defendants operated separate taverns. On the night of but prior to the collision McGarvey bought and drank intoxicating liquors at each of such taverns from each defendant or her agent.

The testimony of the plaintiff is the only evidence that refers to actionable damages. She testified that at the time of her death Dorothy lived with her, and was then aged 18 years and single, that plaintiff at the time of such death was a widow, but had since remarried, that Dorothy had worked at a telephone office since right after the preceding Christmas and had previously worked in two other stores, and that Dorothy was industrious and helped about the house and home and did not "throw her money away."

At the conclusion of all the evidence defendants made a motion for directed verdicts in favor of the defendants, and after the verdicts were returned made a motion for judgment for the defendants notwithstanding the verdicts. The trial court denied both motions.

It will be noted that under the pleadings the plaintiff did not claim any injury to her "person" or to her

"means of support" but only claimed injury to her "property."

Defendants contend that the "property" injury intended in the statute means injury or damage to tangible things, real or personal, such as lands, goods, money and chattels, but does not include the life of a human being, that since plaintiff failed to prove injury to her property the motions should have been allowed. Plaintiff contends that since the term "property" is not defined in the Dram Shop Act it should be interpreted as meaning anything which the law has recognized as being the subject of a property right or pecuniary interest, that since, by their interpretation of the Wrongful Death Act, our courts of review have laid down the rule that the death of a lineal next of kin destroys a pecuniary interest and raises the presumption of a pecuniary loss upon which a verdict and judgment may be based without proof of actual loss, it follows that the death of a lineal next of kin causes a loss of "property" as contemplated under the Dram Shop Act.

No Illinois case has been cited and we have found none in which the precise question was raised or passed upon.

The only authorities cited by plaintiff are cases which arose under the Injuries Act, such as *Dukeman v. Cleveland, C., C. & St. L. R. Co.*, 237 Ill. 104, in which the court said "The rule is established in this State that where the next of kin sustained a lineal relation to the deceased the law presumes some substantial damages from the relationship alone."

The Injuries Act (ch. 70, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 38.01 *et seq.*]) provides that (Sec. 1), "Whenever the death of a person shall be caused by wrongful act, . . . and the act, . . . is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then . . . the person who

. . . would have been liable if death had not ensued, shall be liable to an action for damages, . . . . (Sec. 2), Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, . . . and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin. . . ."

The Liquor Control Act, known as the Dram Shop Act (ch. 43, sec. 14, par. 135, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 68.042]) provides that: "Every . . . parent . . . who shall be injured, in person or property, or means of support, . . . in consequence of the intoxication, . . . of any person, shall have a right of action, . . . severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person. . . ."

Such statute is a statute of a highly penal character, and provides rights of action unknown to the common law, and should receive a strict construction. (*Cruse v. Aden,* 127 Ill. 231, 239.) Courts will not extend or enlarge the liability under such a statute by construction; they will not go beyond the clearly expressed provisions of such an Act. (*Anderson v. Board of Education of School Dist. No. 91,* 390 Ill. 412, 422.) The plain meaning of the language used by the legislature is the safest guide to follow in construing any Act, and this court must take the words found in the statute according to their ordinary and usual meaning. (*Illinois Cent. R. Co. v. Village of South Pekin,* 374 Ill. 431, 434.) Property in a legal sense consists in the domination which is rightfully and lawfully obtained over a material thing with the right to its use,

enjoyment and disposition. (*Shedd v. Patterson*, 312 Ill. 371.) The enumeration of certain things in a statute implies the exclusion of all other things. (*In re Estate of Tilliski*, 390 Ill. 273, 283.)

In *Stevens v. Cheney*, 36 Hun. 1, (N. Y.) decided in 1885, an adult son of the plaintiff Stevens, in consequence of intoxication, was in an accident which made it necessary to amputate both of his legs. The father brought the action against those selling the intoxicating liquor. In holding that the father was not entitled to recover the court said: ''The statute provides that 'every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall· have a right of action in his or her name against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication in whole or in part of such person or persons, . . . .' In this case there is no claim that the plaintiff has been injured in his person, and there is no evidence tending to show that he has been injured in his property. An injury to property is an actionable act whereby the estate of another is lessened other than a personal injury or the breach of a contract. (Code, S 3343.) It was the plaintiff's son that was injured, and the father has no property in the son. If it had been his horse or cow or slave (when the law recognized property in slaves) that was injured, then it would be an injury to property.''

The plaintiff does not contend that the evidence shows or tends to show any injury to her person or means of support.

Strictly construing the Dram Shop Act, as we are required to do, and following the plain meaning of the word ''property'' as used in such Act, it is our opinion that by the use of the word ''property,'' in con-

nection with the other words, the legislature did not intend by such Act to permit recovery for "pecuniary injuries" as expressly provided for in the Injuries Act, but merely for injuries to tangible real or personal property.

It is our opinion and we find that the evidence does not show or tend to show any injury to any property of the plaintiff, within the meaning of the Dram Shop Act.

Therefore the trial court erred in denying the motion of defendants for a directed verdict and in denying their motion for judgment notwithstanding the verdict.

The judgment of the trial court is reversed.

*Reversed.*