(No. 4503—

OLIVE A. JOHNSON, as ADMINISTRATOR OF THE ESTATE OF HAYWARD HAILEY JOHNSON, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1954.*

ROBERT J. HARDING and MIDDLETON AND WATERS, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

The claimant, Olive A. Johnson, widow, brings this action as Administrator of the Estate of Hayward Hailey Johnson, deceased, for the wrongful death of plaintiff's intestate (Chap. 70, Pars. 1 and 2, Ill. Rev. Stat., 1949). Her complaint was filed on March 10, 1952.

The accident, which resulted in the death of Hayward Hailey Johnson, occurred on March 12, 1951 at approximately the hour of 10:40 P.M. on Route No. 157 and Belt Line 40, about ¼ mile south of the

northern junction of said Routes in the County of Madison and State of Illinois. Route No. 157 is described as a 40 foot concrete highway, with four lanes running generally from north to south, with grass shoulders located on both sides.

Plaintiff's intestate at the time and place aforesaid was driving and operating his 1950 Oldsmobile in a southerly direction along and upon said highway. He was engaged in educational work for the Methodist Church. On the evening of March 12, 1951, after conducting services at the Methodist Church in Gillespie, Illinois, he left Gillespie at about 9:15 P.M., and traveled a distance of between 35 to 40 miles before the collision occurred, which resulted in his death.

On March 12, 1951, Eugene A. Fritts and John Wolf were employed by the State of Illinois, Division of Highways of the Department of Public Works and Buildings, and assigned for maintenance work on Route No. 157 and Belt Line 40, the location where the accident occurred. Both of the State employees had worked on the highway in question on March 12, 1951. Due to the fact that it was misting and snowing on that evening, they were ordered to take the State truck, which was involved in the accident, and transport cinders for the purpose of cindering bridges, intersections and any slippery areas on said highway. However, in this regard, there was no evidence in the record as to the highway in question being slippery. There was evidence that it was merely wet. It was not snowing at the time of the accident. The night in question was dark, but there was no fog or precipitation. It is evident that vehicles traveling upon the highway with proper lights were visible within a safe driving range, and could readily have been observed.

At the time of the accident, the State truck was loaded with cinders, and was equipped with a spreader attachment located on the back portion of the truck, which was operated by a chain and sprocket. A short time prior to the accident the chain, which ran off of the sprocket, became loose and fell upon the highway. Mr. Fritts and Mr. Wolf had located the chain, and stopped the truck facing in a southerly direction in the outside traffic lane, being on the extreme west side thereof. While affixing the chain to the sprocket, they saw plaintiff's intestate's car traveling in the same traffic lane in which the truck was parked.

Prior thereto, and at said time, the State truck was equipped with the following lights: A blue revolving light located on the top of the cab, three lights on the rear portion of the cab, two clearance lights on the body, one tail light, and two head lights; and, in addition thereto, fluorescent adhesive strips were affixed to the rear portion of the truck.

The middle of the front portion of claimant's intestate's automobile was damaged, as was the middle of the rear portion of the State Highway truck. There was no evidence of skid marks made by plaintiff's intestate's automobile, or any evidence of turning, or attempting to avoid striking the State truck. There was offered, however, the testimony of William Warfield, who was in the ambulance with plaintiff's intestate. When asked how the accident happened, Mr. Johnson stated that he must have fallen asleep.

The respondent first contends an exemption under the provisions of the Uniform Act Regulating Traffic on Highways, being Chap. 95½, Par. 120, Ill. Rev. Stat., 1949.

"The provisions of this Act would not apply to persons, automobiles, motor vehicles and other equipment while actually engaged in work upon the surface of the highway, but shall apply to such persons and vehicles in traveling to or from such work."

Respondent further contends that claimant failed to prove that plaintiff's intestate was in the exercise of due care and caution just prior to and at the time of the accident in which he was injured, and which ultimately resulted in his death.

Claimant, on the other hand, contends that, at the time of the accident in question, the State employees were not engaged in performing services, which would exempt them from the provisions of the Uniform Act Regulating Traffic on Highways. We are of the opinion that the Uniform Act Regulating Traffic on Highways would apply to the State employees just prior to and at the time of the accident.

In considering all of the competent testimony introduced by claimant, we are of the opinion that claimant has failed to prove by a preponderance or greater weight of the evidence that Hayward Hailey Johnson was free from contributory negligence. The only testimony offered by claimant as to freedom from contributory negligence on the part of plaintiff's intestate was her testimony as to his careful habits in the operation of motor vehicles, and the length of time that it took for him to drive from Gillespie to the scene of the accident.

Our Courts have repeatedly held that even though respondent violated a State statute, that that in itself would not entitle claimant to recover damages where claimant's intestate was guilty of negligence, which contributed to his injuries and resulting death. Before claimant could recover in this case, there would have to be some showing that he did something to

532

avoid striking the truck. Inasmuch as the highway was not slippery, but merely wet, and the truck was visible for a distance within a safe·driving range by reason of the lights burning thereon, which seemed to be sufficient in number, had claimant's intestate been looking, he would have seen the truck on the highway, and could have avoided the accident.

"The manifest purpose of the Wrongful Death Act is to grant an action for the exclusive benefit of the widow, or next of kin of the deceased person. An action cannot be maintained under our Wrongful Death Act, except in cases where the injured party himself could have maintained the action had death not ensued, the cause of action being created in favor of the personal representative of the deceased against anyone causing the death by wrongful act, and contributory negligence of the deceased is a bar to recovery under the Act." *Howlett* vs. *Doglio*, 402 Ill. 311, 319.

We, therefore, deny claimant's claim for an award under the Wrongful Death Act.