Vera I. Fortner, Plaintiff-Appellant, v. Gale E. Norris, Ernest W. Neal, Administrator of the Estate of Chester A. Cox, Deceased, John Mezo and 405–407 East Jefferson Street Building Corporation, Defendants-Appellees.

Gen. No. 10,183.

Third District.

October 16, 1958.

Released for publication November 3, 1958.

Londrigan & Londrigan, of Springfield, for plaintiff-appellant.

Olsen & Cantrill, of Springfield, and Hershey & Bliss, of Taylorville, for defendants-appellees.

JUDGE REYNOLDS delivered the opinion of the court.

This is an action under the Dramshop Act brought by the plaintiff Vera I. Fortner, against two tavern operators and their landlords, claiming that the tavern operators, or one or both of them, by themselves, their agents or servants, did sell or give alcoholic liquor to one Paul Hill, which said alcoholic liquor caused the said Paul Hill to become intoxicated and that while so intoxicated, the said Paul Hill shot and injured one Dale Fortner, husband of the plaintiff, from which injuries the said Dale Fortner later died; that by reason thereof, the plaintiff became liable for large sums of money for hospitalization and medical care in endeavoring to cure said Dale Fortner and became liable for large sums of money for funeral expenses, which by reason of the Family Expense Statute (Ill. Revised Statutes 1957 ch. 68, § 15) are chargeable upon the

property of the plaintiff, to the damage of the plaintiff in the sum of $15,000. Count II of the complaint while alleging a slightly different set of facts, in the main is sufficiently similar to Count I that a decision as to Count I will also dispose of Count II. To the complaint the defendants Norris and his landlord, filed their motion to strike both counts of the complaint on the ground that the complaint sought to recover damages to property and that such expenses are not damages to property under the Dramshop Act, and that merely becoming liable does not in and of itself give rise to an action under the Act, and that before the plaintiff is damaged in property she must pay the bills in question. The defendants Mezo and his landlord also filed motion to dismiss on the ground that the allegations in the complaint were insufficient to entitle the plaintiff to recover damages for injuries to her property under the Dramshop Act.

The trial court allowed the motions to strike, and judgment was entered for the defendants. From that judgment the plaintiff appeals to this court.

The question thus presented is one of pleading, namely, did the plaintiff state a cause of action under the Dramshop Act. It is not alleged in the complaint that the plaintiff had paid the hospital, medical and funeral expenses, or that any judgment for such expenses had been rendered against her. The complaint is predicated upon the theory that because of the Family Expense Statute, which makes the expenses of the family chargeable upon the property of both the husband and wife, or either of them, that the plaintiff had become damaged in her property, and the defendants were therefore liable under the Dramshop Act.

The Dramshop Act, Chapter 43, Illinois Revised Statutes 1957, Section 135, provides:

"Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly,

214

against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving liquors. . . ."

The sole question then before this court, is whether or not, within the scope of the Statute providing for actions for damages caused by intoxication, the plaintiff was injured in her property.

In construing the language of the Statute, in the light of the facts presented, this court is confronted with two opposing theories of law. First, the old and recognized rule of law that a statute such as the one governing actions for damages caused by intoxication, should be given strict construction, and that the courts have no right to enlarge or broaden its scope. Against this well founded and recognized rule of law, is the language of the Dramshop Act itself, which provides for liberal construction, in these words: "This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation in the manufacture, sale and distribution of alcoholic liquors."

It must be conceded that the Family Expense Act imposes a legal liability upon the plaintiff herein, for the hospital, medical and funeral expenses of her husband even though they may be living apart. The Act itself sets out no exceptions, but simply provides that the husband and wife, or either of them, shall be liable for the family expenses, and hospital, medical

215

and funeral expenses would certainly be classed as family expenses.

Counsel for defendants rely most strongly on Howlett v. Doglio, 402 Ill. 311, 83 N.E.2d 708, in support of their contention that the complaint does not show plaintiff has been injured in her property. The basic holding of that case is that one person does not have any property rights in the life of another person. In the course of the opinion the court commented on the meaning of the word "property" as used in the Dramshop Act and stated that the word meant tangible personal and real property. This comment was based on Shedd v. Patterson, 312 Ill. 371, 144 N. E. 5, wherein it was held that in the construction of statutes, courts give words their ordinary, popular meaning. Hence it was said that the word "property" in its ordinary and popular sense meant tangible real and personal property. In our opinion Howlett v. Doglio, supra, does not hold that in order for a person to be "injured in property" there must be some direct physical injury to his tangible real or personal property.

Broadly speaking a person is injured in his property when his estate is lessened by other than a personal injury or breach of a contract. Injuries to property for which a recovery may be had need not necessarily be direct physical damage to the property itself. Shedd v. Patterson, supra.

In Danley v. Hibbard, 222 Ill. 88, 78 N. E. 39, the plaintiff sought to recover from the dramshop, the amount of money required to be paid by her out of her own property in supporting her son who had become a pauper as a result of intoxication. The action was predicated on the theory that the Pauper Act imposed a legal duty upon her and that in performing that duty she had been injured in her property. Recovery was had in the trial court and affirmed by both this court and the Supreme Court. This case has never been overruled. The same conclusion was reached in Rude v.

Fakes, 143 Ill. App. 456, and Danley v. Hibbard, supra, is cited in support thereof.

In Haw v. 1933 Grill Inc., 297 Ill. App. 37, 17 N.E.2d 70, a wife brought suit against the dramshop keeper for damages for injury to her property and loss of support. The complaint so far as injury to her property was concerned alleged that her husband was without funds or property with which to pay for medical care and attention and that she as his wife, was able to and was legally obliged to pay the necessary medical care and attention to the injury of the eye of her husband and to expend large sums of her money in repairing said injury. Evidently the Appellate Court felt that this constituted an injury in property of the wife, for the recovery in the trial court was affirmed. The last mentioned case was used as the authority by the Supreme Court of North Dakota in the recent case of Iszler v. Jorda, 80 N.W.2d 665, a dramshop case wherein it was held that the payment by a father of his son's funeral expenses, which he was legally obligated to pay, impaired his assets to that extent and therefore constituted an injury in his property.

Finally there is a strong inference in Pearson v. Renfro, 320 Ill. App. 202, 50 N.E.2d 598, that had there been a claim and appropriate allegations in the complaint, parents suing under the Dramshop Act could have recovered hospital, doctor and nursing bills incurred by them while their sons were recuperating from injuries received as a result of their intoxication, as an injury in property of the parents.

 As heretofore noted we are only concerned with the sufficiency of the complaint to state a cause of action. The complaint alleges that plaintiff became liable for large sums of money for hospitalization and medical care in endeavoring to cure her husband and became liable for large sums of money for his funeral expenses "which by reason of Chap. 68 Sec. 15 Illinois Revised Statutes, 1955, are chargeable upon the prop-

217

erty of the plaintiff to the damage of the property of the plaintiff," etc. When it is alleged that the items of expense are chargeable upon her property, it is to be presumed that she uses the word "property" in the sense defined by the courts, i. e., tangible real or personal property or both. The foregoing allegations also include, by fair and reasonable intendment, the fact that she has tangible real and personal property liable for the payment of these expenses.

We are therefore of the opinion that the complaint is sufficient to allege an "injury in property" and that the action of the trial court in dismissing it was error.

Reversed and remanded with directions to overrule motion to dismiss and to proceed in accordance with views expressed herein.

Reversed and remanded.

ROETH, P. J. and CARROLL, J., concur.