(No. 34965.—

EUNICE MORAN, Admx., Appellant, *vs.* CHRIST KATSINAS, Trustee, *et al.,* Appellees.

*Opinion filed March 20, 1959.*

COSTIGAN, WOLLRAB & YODER, of Bloomington, and RENO & O'BYRNE, of Champaign, for appellant.

LAW OFFICES OF RAY F. DOBBINS, (By CREED D. TUCKER,) of Champaign, for appellees.

MORAN, KLOCKAU, McCARTHY & JOHNSON, of Rock Island, (FRANK G. SCHUBERT, of counsel,) for *amicus curiae.*

Mr. JUSTICE HOUSE delivered the opinion of the court:

On February 2, 1956, the widow and two minor children of Harold Moran, deceased, filed a complaint under the Liquor Control Act, (Ill. Rev. Stat. 1955, chap. 43, par. 135,) in the circuit court of Champaign County alleging injury to their means of support as a result of his death caused by intoxication. Each of the plaintiffs asked

for judgment for $15,000 in three separate counts. Subsequently, plaintiffs were given leave to add Eunice Moran, as administratrix of the estate of Harold Moran, deceased, as the party plaintiff and to file a fourth count based on the same allegations but praying for damages in the amount of $45,000 for the loss of support sustained by the widow and two children. Defendants' motions to dismiss counts 1, 2, and 3 were allowed, but their motions to dismiss count 4 and to reduce the *ad damnum* to an aggregate amount of $15,000 were overruled and the cause proceeded to trial before a jury under the issues drawn by count 4 and defendants' answer thereto. The jury returned a verdict in favor of the plaintiff and assessed damages for the benefit of the widow at $7,500, for the older child at $9,100 and for the younger child at $10,500. Defendants' post trial motions were overruled and judgments entered on the verdict for the total sum of $27,100.

Defendants' appeal to the Appellate Court, Third District, specifically presented the question, among others, of whether the 1955 amendment to the Liquor Control Act limited the amount of recovery allowed under the loss-of-means-of-support section to an aggregate sum of $15,000. (*Moran* v. *Katsinas*, 17 Ill. App. 2d 423.) The Appellate Court stated that the answer to the question was controlled by its opinion filed on the same day in the case of *Steller* v. *Miles*, 17 Ill. App. 2d 435.

It concluded that the judgment entered by the circuit court was in excess of the limitation imposed by the 1955 amendment and was subject to reduction to the aggregate sum of $15,000. The case was remanded to the circuit court with directions to enter a judgment for $15,000 unless plaintiff should, within 30 days, enter a remittitur in the amount of $12,100 and to apportion the judgment among the beneficiaries in the proportions as determined by the verdict. Plaintiff was granted leave to appeal to this court primarily because a divergence of opinion on the

principal issue appears to exist among the trial courts of the State.

The sole question presented by this appeal is the proper construction to be given to that part of the loss-of-means-of-support provision of the Liquor Control Act limiting the amount of recovery thereunder. Does it limit the total amount that can be recovered for loss of means of support to an aggregate of $15,000 ($20,000 in cases arising after July 1, 1956), regardless of the number of persons claiming loss of support, or can each person claiming loss of means of support recover up to a maximum of $15,000? (The views expressed herein shall apply to the limitation without regard to whether the occurrence was before or after July 1, 1956.)

The plaintiff contends that the 1955 amendment to the Liquor Control Act permits a recovery of $15,000 for each person suffering loss of support; that such was the law prior to the 1955 amendment and the legislature is presumed to have known the prior law; that the unique phraseology of the sentence limiting the amount of recovery specifically applies the limitation to the person suffering the loss of support and such phrasing is presumed to have meaning and purpose; that the legislative records concerning the 1955 amendment are indicative of the legislative intent to impose the limitation on each person claiming a loss of support; that if the 1955 amendment was intended to change the prior law such change should have been clearly expressed; and that the adoption of plaintiff's contention would not cause excessive recoveries because of the requirement of proof of actual pecuniary loss of support.

The parties to this appeal attempt to gather the legislative intent in the adoption of the 1955 amendment from preceding amendments and proposals. We feel that the intention of the legislature can be determined by reference to the terms of the statute itself and, therefore, utilization of extrinsic aids becomes unnecessary. *Weiss Memorial*

*Hospital v. Kroncke,* 12 Ill.2d 98; *Walgreen Co. v. Murphy,* 386 Ill. 32.

The pertinent provisions of section 135 now read: "Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; * * *

"An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, and the amount recovered in every such action shall be for the exclusive benefit of the person or persons injured in loss of support, and shall be distributed to such persons in the proportions determined by the judgment or verdict rendered in said action. Recovery under this Act for injury to the person or to the property of any person as aforesaid, shall not exceed $15,000, and recovery under this act for loss of means of support resulting from the death or injury of any person, as aforesaid, shall not exceed $15,000 for each person so injured where such injury occurred prior to the effective date of this amendatory Act of 1955 and not exceeding $20,000 for each person so injured after the effective date of this Amendatory Act of 1955; * * *."

Plaintiff argues that the italicized part of the following sentence: "recovery under this act for loss of means of support resulting from the death or injury of any person, as aforesaid, shall not exceed $15,000 *for each person so injured*" refers to the person or persons losing their means of support, rather than the person furnishing the support. She bases her argument upon the wording of the preceding

sentence which describes "the person injured" as the person "from whom said support was furnished," and that by the failure to repeat the last quoted phrase in the limitation sentence following, the legislature must have intended to allow a limited recovery to each person claiming loss of support. Plaintiff concedes that the words "the person injured" refer to the person furnishing the support, while contending that the words "for each person so injured" in the next sentence refers to the person claiming loss of support. Thus, we are asked to apply a different and contrary meaning to practically identical phrases in the same act.

In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary. (*People ex rel. Lipsky* v. *City of Chicago,* 403 Ill. 134; *Stiska* v. *City of Chicago,* 405 Ill. 374.) We conclude that both phrases refer to the person furnishing the support.

Further support for this conclusion is found when we consider the question of when the cause of action arises. In actions under the act, it has never been questioned that the cause of action arises on and is measured from the date of the injury to or death of the person furnishing the support. (*Orlicki* v. *McCarthy,* 4 Ill.2d 342.) The limitation sentence, from which the plaintiff has lifted the phrase "for each person so injured," defines the point of time when the amount of recovery was changed from $15,000 to $20,000. There the reference to the injury can only mean the injury to the person furnishing the support because that is the point of time the cause of action arises and will be the point of time in determining whether the $15,000 or $20,000 limitation figure applies.

The Liquor Control Act, being penal in character, is of statutory origin and the liability imposed, being expressly and exclusively defined, should be definite and certain in

order that persons subjecting themselves to that liability may know with certainty the maximum obligation they may be expected to meet. (*Howlett* v. *Doglio*, 402 Ill. 311; *Butler* v. *Wittland*, 18 Ill. App. 2d 578.) We may safely assume that the legislature intended to limit the amount of liability in loss of support cases, otherwise there is no need for the inclusion of a specific sentence for that purpose. To construe the statute to mean that each person claiming a loss of means of support can recover up to the limit of $20,000 will, in some instances, limit recovery to $20,000 but render it meaningless in others. To hold that the amount that can be recovered depends on the number of persons claiming loss of support will render the limitation sentence of the act uncertain, doubtful, and, in some instances, ineffective. The legislature is not to be presumed to have intended to enact an ineffective law (*Pliakos* v. *Liquor Control Com.* 11 Ill.2d 456), and we adopt the interpretation that will establish a definite and certain limitation for all cases.

The judgment of the Appellate Court, Third District, is affirmed.

*Judgment affirmed.*