ANGELA RINKENBERGER, Plaintiff-Appellant, v. ROBERT COOK, Defendant (Steve Soltis, Jr., d/b/a Steve's Southside Market, *et al.*, Defendants-Appellees).

Fourth District   No. 4—89—0351

Opinion filed December 14, 1989.

M.G. Gulo & Associates, Ltd., of Streator (James T. Reilly, of counsel), for appellant.

Francis J. Lynch, of Heyl, Royster, Voelker & Allen, of Springfield, for appellee Steve Soltis, Jr.

Randolph R. Spires, of Satter, Ewing & Beyer, of Pontiac, for appellee Amell Liquors, Inc.

JUSTICE GREEN delivered the opinion of the court:

On May 14, 1988, plaintiff Angela Rinkenberger brought suit in the circuit court of Livingston County against defendant Roger Cook alleging negligence and seeking damages for injuries she received on December 11, 1987, when she was riding in an automobile driven by Cook, and the automobile hit a culvert. On December 9, 1988, plaintiff filed an amended complaint to which defendants Steve Soltis, Jr., and Amell Liquors, Inc. (Amell), were named as additional parties. Count I repeated the charges against Cook. Counts II, III, IV, and V sought recovery under section 6—21(a) of the Liquor Control Act of 1934 (Dramshop Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135(a)) based upon gifts or sales of intoxicants by those defendants to Cook, which caused his intoxication and, in turn, caused him to drive the vehicle into the culvert. On February 24, 1989, upon motions of Soltis and Amell, the court dismissed counts II, III, IV, and V and made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Plaintiff has appealed.

The dispute on appeal arises because of section 6—21(a) of the Dramshop Act which, at all times pertinent, stated in part:

"For all causes of action involving persons injured, killed, or incurring property damage after September 12, 1985, in no event shall the judgment or recovery *for injury to the person or property of any person exceed $30,000 for each person* incurring damages, and recovery under this Act for loss of means of support resulting from the death or injury of any person shall not exceed $40,000. *Nothing* in this Section *bars* any person from making *separate claims which, in the aggregate, exceed any one limit where such person incurs more than one type of compensable damage*, including *personal injury, property damage*, and loss of means to support." (Emphasis added.) Ill. Rev. Stat.

1987, ch. 43, par. 135(a).

In counts II and IV, plaintiff sought to recover against Soltis and Amell, respectively, for personal injuries rendering her a quadriplegic, disfiguring her, and causing her pain and suffering. In counts III and V she sought to recover against those defendants, respectively, for damaging her property by causing her to incur medical bills in excess of $100,000 in amount. Thus, plaintiff sought to separate her claim for medical expenses incurred from the other aspects of her injury by classifying the medical expenses incurred as a damage to property so that the $30,000 limitation of section 6—21(a) of the Dramshop Act would apply only as a limit upon each separate type of recovery and not as to her aggregate recovery. Upon her theory, the limit to her aggregate recovery under the Dramshop Act is $60,000.

Based upon the precedent of *Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 392 N.E.2d 716, the circuit court held the damages arising from the incursion of medical bills were elements of personal injury, were within the $30,000 limitation, and could not be sought in a separate count. We agree that the medical bills did not constitute a claim for property damage. Thus, counts III and V were properly dismissed. However, counts II and IV stated proper causes of action for injuries to the person. They should not have been dismissed. On remand, plaintiff shall be permitted, if she wishes, to amend those counts to include her medical expenses as an element of her damages arising from personal injuries.

At the times involved in *Thorsen,* the pertinent portion of section 14 of the then Dramshop Act, predecessor to section 6—21(a) of the present act, merely stated:

> "In no event shall the judgment or recovery under this Act for injury to the person or to the property of any person as aforesaid exceed $15,000." (Ill. Rev. Stat. 1977, ch. 43, par. 135.)

The *Thorsen* court recognized that when one person has been held to be responsible for medical expenses incurred in behalf of another, incurrence of this obligation has been held to be a loss of property. However, that court concluded that "when [as here] the person injured and the person who paid the expenses are one and the same as the person suing, there is but one injury and the plain intent of the section is that there can be but one recovery, not to exceed $15,000, per plaintiff." (*Thorsen,* 74 Ill. App. 3d at 110, 392 N.E.2d at 725.) There, the appellate court affirmed the judgment of the circuit court, which had limited that plaintiff's recovery against dramshop defendants to $15,000.

Plaintiff relies, in part, upon decisions in *Thompson v. Tranberg*

(1977), 45 Ill. App. 3d 809, 360 N.E.2d 108, *Kelly v. Hughes* (1962), 33 Ill. App. 2d 314, 179 N.E.2d 273, *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 176 N.E.2d 473, and *Fortner v. Norris* (1958), 19 Ill. App. 2d 212, 153 N.E.2d 433. In each of those cases, parents of minors or a spouse, liable under the provisions of section 15 of "An Act to revise the law in relation to husband and wife" (the Family Expense Statute) (now Ill. Rev. Stat. 1987, ch. 40, par. 1015) were allowed to sue under the Dramshop Act for damage to property when they incurred liability for medical expenses of their child or spouse physically injured by an intoxicated person. These cases concern the situation distinguished by the *Thorsen* court from the circumstances there, and here, where the plaintiff is suing to recover her own medical expenses arising because of personal injury to her.

■ Plaintiff also relies upon Public Act 84—271 (1985 Ill. Laws 2407 (eff. Sept. 12, 1985)), which amended section 6—21(a) of the Dramshop Act by raising the limitation on recovery for personal injury or property damage inflicted by an intoxicated person from $15,000 to $30,000. That act also contained the following previously mentioned language:

> "Nothing in this Section bars any person from making separate claims which, in the aggregate, exceed any one limit where such person incurs more than one type of compensable damage, including personal injury, property damage, and loss to means of support." (Ill. Rev. Stat. 1985, ch. 43, par. 135(a).)

Plaintiff maintains this wording indicates a rejection of *Thorsen* and creates a rule whereby a person receiving a personal injury from an intoxicated person can receive an award of up to $30,000 for medical expenses, deemed to be property damage, and also receive a separate award up to $30,000 for what would ordinarily be considered the other elements of recovery for personal injury. This construction is supported neither by the wording of the amendment nor by its legislative history.

The amending language described in the previous paragraph makes clear that separate recoveries can be had for personal injury, property damage, and loss of means of support with the $30,000 limit applying to each category and not to the aggregate amount. It gives no indication that medical expenses incurred by the injured party are property damage to that party. Previous decisions had held that separate recoveries can be obtained as to those listed elements of damage and that the limitation upon amount of recovery applied to each element separately and not to the aggregate amount recovered. (*Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558; *Thompson*, 45

*Ill.* App. 3d 809, 360 N.E.2d 108; *Kelly,* 33 Ill. App. 2d 314, 179 N.E.2d 273.) The procedure permitting this has been described as an aspect of the phenomena of "stacking."

When the bill which became Public Act 84—271 was under discussion in the House of Representatives, the bill's sponsor, Representative Countryman, explained that "stacking" had previously been permitted, and this legislation made clear it was permissible. (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 162 (statements of Representative Countryman).) Representative Countryman also explained the proposed legislation eliminated the cause of action for loss of means of support for those family members or spouses claiming under a person who caused his or her own intoxication. When questioned by Representative Johnson as to whether the legislation affected the holdings of case authority (*i.e., Shepherd, Kelly,* or *Fortner*) or impaired the ability of a plaintiff "to stack those three majors of recovery" (personal injury, property damage, and means of support), Representative Countryman responded it did not. Rather, Representative Countryman reiterated, the bill merely clarified "that the stacking is permitted as the case law indicates." 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 167 (statements of Representative Countryman).

The language of Public Act 84—271 and its legislative history make clear the sole purposes of the Act were (1) to eliminate certain recovery for loss of means of support; (2) to raise the monetary limits for the three categories of recovery; and (3) to codify existing case law in regard to "stacking." The legislature is presumed to have enacted the amendment with a knowledge of the previous decision in *Thorsen.* Had it intended to have medical expenses incurred by a person for that person's own injuries treated as a damage to property, contra *Thorsen,* it would likely have so stated. *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.

■ Plaintiff emphasizes that section 1—2 of the Dramshop Act states the "Act shall be liberally construed." (Ill. Rev. Stat. 1987, ch. 43, par. 94.) However, the applicability of that language to this case is countered by language of the supreme court in *Moran v. Katsinas* (1959), 16 Ill. 2d 169, 157 N.E.2d 38. There, an issue arose as to the limitation upon recovery for loss of means of support under the Dramshop Act. In holding for an interpretation that would give less exposure to liability to defendants, the court said the "Act, being penal in character, *** should be definite and certain in order that persons subjecting themselves to that liability may know with certainty the maximum obligation they may be expected to meet." *Moran,* 16 Ill.

2d at 174-75, 157 N.E.2d at 40-41.

We recognize possible inconsistency in a rule which classifies the incursion of liability to pay medical expenses as a damage to property when the liability arises because of personal injury to others but as injury to the person when the liability arises because of injury to the person liable. However, this distinction was recognized prior to *Thorsen* by the Appellate Court for the then Third District (predecessor to this court) in *Fortner*, in holding that liability for medical expenses arising under the Family Expense Statute for injury to another was damage to property. That court stated: "Broadly speaking a person *is injured in his property* when *his estate* is *lessened by other than a personal injury* or breach of contract." (Emphasis added.) *Fortner*, 19 Ill. App. 2d at 216, 153 N.E.2d at 435.

■ Finally, plaintiff relies upon *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745. There, under the Dramshop Act a mother was not permitted to recover, as property damage, medical and funeral expenses incurred by her son or his estate, because she was not liable for those expenses. Plaintiff argues that, therefore, had she been liable for those expenses she could have recovered for those expenses as property damage, and thus, plaintiff should be entitled to recover for her medical expenses as property damage to her. The argument fails to consider the difference between liability for one's own medical expenses and those of others as explained in *Fortner* and as held in *Thorsen*.

For the reasons stated, we affirm the judgment to the extent it dismissed counts III and V. We reverse the judgment to the extent it dismissed counts II and IV. We remand to the circuit court of Livingston County with directions plaintiff be given leave, if she so desires, to amend counts II and IV to include, within her claim of damages for her personal injury, her medical expenses.

Affirmed in part; reversed in part and remanded with directions.

KNECHT, P.J., and McCULLOUGH, J., concur.