### CUMBERLAND SCHOOL COMMITTEE

v.

### Maureen Ann HARNOIS.

### No. 84–423–M.P.

Supreme Court of Rhode Island.

Oct. 31, 1985.

Vincent J. Santaniello, Manning West Santaniello & Pari, Providence, for plaintiff.

William G. Savastano, North Smithfield, for defendant.

Richard A. Skolnik, Providence, and Albert B. West, Manning West Santaniello & Pari, Providence, for R.I. Federation of Teachers.

Paul B. Baillargeon, Paul B. Baillargeon, Inc., Woonsocket, for Town of North Smithfield.

Bradley L. Steere, Chepachet, for Town of Burrillville.

## OPINION

SHEA, Justice.

The court granted certiorari to the petitioner, Cumberland School Committee, to review the denial of an appeal by a justice of the Superior Court from a decision of the associate commissioner of education. The commissioner's ruling laid the foundation for public busing for pupils pursuant to G.L.1956 (1981 Reenactment) §§ 16–21.-1–1 and –2 within a transportation region in which they reside to any nonpublic, nonprofit school or facility that services a specific area within the state. We affirm the judgment entered in Superior Court.

This court granted a stay of the Superior Court order pending final determination of the issues presented. We also granted motions of the North Smithfield School Committee, the Burriville School Committee, The Rhode Island Association of School Committees, and the Rhode Island Federation of Teachers, AFL–CIO, to intervene. We have reviewed the briefs submitted by the interveners and they have been very informative.

The events that gave rise to this appeal originated in a decision of the Cumberland School Committee denying the request of respondent Maureen Ann Harnois for bus transportation for her son (the student), who is a resident of Cumberland, to and from Mount St. Charles Academy (the school) in Woonsocket pursuant to §§ 16–21.1–1 and –2.

The Legislature set forth the purpose of the chapter in § 16–21.1–1 by providing in part that

"This chapter shall be construed and applied to create a state plan for the busing of pupils beyond city or town limits, in recognition of the legislative policy * * * to afford bus transportation to pupils who attend non-public non-profit schools which are consolidated, regionalized or otherwise established to serve residents of a specific area within the state * * *."

Section 16–21.1–2 establishes five transportation regions[1] within the state and provides in pertinent part that

"[a] pupil attending a school, including * * * a non-public non-profit school kindergarten through grade twelve (12), consolidated, regionalized or otherwise established to serve residents of a specific area within the state for any of the grades of schools, kindergarten through grade twelve (12), in the interest of public safety, health and welfare, shall be provided with bus transportation to the school or facility which the pupil attends, within the region in which the pupil resides, by the school committee of the city or town within which the pupil resides."

Mrs. Harnois appealed to the State Commissioner of Education from the Cumberland School Committee's denial of her busing request for her son to and from Mount St. Charles Academy. After a hearing on November 18, 1983, the commissioner found that on November 4, 1983, Mount St.

---

1. The transportation regions as set forth in G.L. 1956 (1981 Reenactment) § 16–21.1–2 are as follows:

"Region I The towns of Burrillville, North Smithfield, and Cumberland, and the city of Woonsocket

Region II The county of Kent, except the town of West Greenwich and the towns of Foster, Glocester and Scituate

Region III The towns of Lincoln, Smithfield, Johnston, North Providence, Barrington, Warren and Bristol and the cities of Cranston, Central Falls, East Providence, Pawtucket and Providence

Region IV The county of Washington and the towns of Jamestown and West Greenwich

Region V The towns of Little Compton, Middletown, Portsmouth and Tiverton and the city of Newport[.]"

Charles Academy properly amended its articles of association to bring the school within the statutory requirements of § 16-21.1-2. He concluded that Mount St. Charles was a nonpublic, nonprofit school established to serve residents of a specific area within the state, in accordance with §§ 16-21.1-1 and -2. Therefore, he sustained the appeal and ordered the school committee to provide transportation for the student from the town of Cumberland, where he resides, to the school in Woonsocket.

The Cumberland School Committee appealed to the Superior Court pursuant to § 16-21.1-5. The trial justice ruled that the commissioner correctly relied upon the amended articles of association and found that the articles as amended explicitly defined that area of Rhode Island which the school serves. Therefore, the school came within the rubric of Section 16-21.1-2. Relying on these findings and a close reading of the statutory language, the trial justice affirmed the decision of the commissioner and denied the school committee's appeal.

Sections 16-21.1-1 and -2 have been held to be constitutional under both the Rhode Island Constitution, *Members of The Jamestown School Committee v. Schmidt*, 122 R.I. 185, 405 A.2d 16 (1979), and the United States Constitution, *Members of The Jamestown School Committee v. Schmidt*, 699 F.2d 1 (1st Cir.), *cert. denied*, 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148 (1983). Because the constitutionality of §§ 16-21.1-1 and -2 has been determined, we shall limit our discussion to the other issues raised by petitioner.

■ The Cumberland School Committee asserts that the Mount St. Charles amend-

ment to its articles of association was invalid. In challenging the amendment petitioner argues that the school failed to comply with G.L.1956 (1981 Reenactment) § 16-40-3. This statute establishes procedures for specific types of amendments to the articles of association of existing educational corporations. The statute is inapplicable to the school's amendment. The procedures established by this statute apply only to amendments that add educational functions or relate to the granting of degrees of existing educational corporations. The school's amendments concern neither of these areas, thus the procedural requirements of § 16-40-3 are inapplicable to the amendment in issue. The amendment of the school's articles of association was proper and established their service area.[2]

■ The petitioner further contends that Mount St. Charles Academy does not fit within the mandate of §§ 16-21.1-1 and -2 because the school: (1) is not a regional school; (2) services more than one of the five transportation regions established by the Legislature; and (3) services pupils from out of state. The language of the statute does not lend itself to such a restrictive application, nor does the suggested interpretation give full effect to the explicit intent of the Legislature. It is a basic principle of statutory construction that when a statute is clear and unambiguous on its face, the words must be given their plain and ordinary meaning in order to effectuate the legislative intent. *Cocchini v. City of Providence*,— R.I. —, 479 A.2d 108 (1984); *Howard Union of Teachers v. State*,— R.I. —, 478 A.2d 563 (1984); *Exeter-West Greenwich Regional*

---

2. On November 4, 1983, the corporation of Mount St. Charles Academy voted to amend article III of its original articles of association. The amendment reads in pertinent part as follows:

"Said corporation is constituted for religious, charitable, literary, scientific, artistic, social, musical, sporting and educational purposes and especially for the purpose of establishing and maintaining a school admitting and serving residents within the Counties of Prov-

idence, Kent, and Bristol, in the State of Rhode Island, and beyond the State of Rhode Island in accordance with its tradition since its foundation.

"The specific area within the State of Rhode Island, namely Providence County, Kent County, and Bristol County, which Mount St. Charles Academy, Inc. serves includes but is not limited to Region I, II, and III, as defined by RIGL 16-21.1-2."

*School District v. Pontarelli*, —— R.I. ——, 460 A.2d 934 (1983).

■ We need look no further than the statutory language to dispose of petitioner's first argument. Section 16–21.1–2 is crystal clear. It states that a student who attends *a school established to service residents of a specific area within the state* shall be provided with bus transportation to the school within the region in which the pupil resides by the school committee of the city or town within which that pupil resides. A school need not be regional in nature to come within the statute; a school must only be established to serve residents of specific areas within the state.

There is nothing in the statute to suggest that the Legislature intended that busing be made available only to schools that accept in-state students or to schools that service only one transportation region within the state. The statute only requires that the school or facility serve at least one specific area within the state. The Legislature established five such specific areas. Those areas are the five transportation regions enumerated in § 16–21.1–2. Eliminating schools that serve more than one transportation region from the reach of § 16–21.1–2 violates the manifest legislative intent and runs afoul of the clear legislative scheme.

Mount St. Charles Academy clearly does serve a specific area within the state thus bringing it within the parameters of the statute. Mount St. Charles services transportation regions 1, 2, and 3 as defined in § 16–21.1–2. Region 1 contains both the town of Cumberland in which the student resides and the city of Woonsocket in which the school is located. Because the student resides in the town of Cumberland, which is within the transportation region wherein the school is located, § 16–21.1–2 mandates that the Cumberland School Committee must provide bus transportation for the student to and from Mount St. Charles Academy.

For these reasons, the petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to us are remanded to the Superior Court with our decision endorsed thereon.

BEVILACQUA, C.J., did not participate.