Barbara **BEAUPRE** Administratrix of the Estate of Chris A. Beaupre,

v.

**BOULEVARD BILLIARD CLUB.**

No. 84–209–Appeal.

Supreme Court of Rhode Island.

June 5, 1986.

Kevin B. McBurney, Pawtucket, Albert B. West, Manning West Santaniello & Pari, Aram Schefrin, Lovett Schefrin & Gallogly, Ltd., Providence, for plaintiff.

William J. Burke, Pawtucket, for defendant.

## OPINION

SHEA, Judge.

This case comes before the court on appeal from a decision of the trial justice to dismiss this action following a jury-waived trial. On December 8, 1979, Barbara Beaupre (plaintiff), as administratrix of the estate of her son Chris A. Beaupre, filed suit against Henry Tellier d/b/a Boulevard Billiard Club (defendant club).[1] The complaint alleged that the defendant had served alcoholic beverages to Wayne Rivard, who was at the time under eighteen years of age, that Chris Beaupre was riding as a passenger in a car driven by Rivard when they left the club, and that the car was then involved in an accident in which Chris Beaupre was killed.[2] In his decision the trial justice construed Rhode Island's dram shop act, G. L. 1956 (1976 Reenactment) § 3–11–1, as not providing recovery for a wrongful-death action. We reverse.

Testimony at trial established that Chris Beaupre, Wayne Rivard, and Mario Pereira arrived together at defendant club on the evening of October 26, 1979. They all consumed alcoholic beverages despite the fact that Rivard was underage. The bartender who was working on the night of the accident testified that he had looked at Rivard's driver's license before taking his order. Nevertheless, he served Rivard approximately four drinks over a period of

---

**1.** During the pendency of this action, Barbara Beaupre died, and her husband, Paul Beaupre, was substituted as plaintiff. On May 14, 1982, plaintiff filed a motion to add the Boulevard Billiard Club as a separate defendant. By agreement of the parties those actions against Henry Tellier individually and d/b/a Boulevard Billiard Club have been dismissed. Therefore, only Boulevard Billiard Club remains as a defendant.

**2.** This case was consolidated for trial with two others brought by plaintiffs Mario Pereira and Betty Kay Pardee against defendant for injuries they sustained in the same automobile accident in which Chris Beaupre died. The trial justice found defendant club liable to these two plaintiffs under the provisions of G.L. 1956 (1976 Reenactment) § 3–11–1.

about four hours. The trial justice found that by the time that the three boys left defendant club, Rivard was intoxicated, although there was no overt indication of intoxication such as slurred speech, bloodshot eyes, or rowdy behavior. He further determined from the evidence presented that once on the highway, Rivard drove at speeds in excess of sixty miles per hour before crossing over to the wrong side of the road and striking an oncoming vehicle.

The trial justice found that defendant club was liable for the injuries sustained by Pereira and another party injured in the accident under the provisions of § 3–11–1, the dram shop act. He also decided, however, that § 3–11–1 allowed recovery "strictly for personal injuries" and not for wrongful death because there is no specific provision in the statute imposing liability for wrongful death.

■ The sole question to be addressed now is to what extent § 3–11–1 imposes liability for the actions of an intoxicated person that cause the death of another upon an individual who furnishes the intoxicating beverages in violation of our liquor laws. The plaintiff argues that this liability extends not only to the pain and suffering endured by the injured person but also to a wrongful death.[3]

Section 3–11–1 states:

"If any person in a state of intoxication *commits any injury to the person* or property of another, the person who furnished him with any part of the beverage which occasioned his intoxication, if the same was furnished in violation of this title, shall be liable to the same action by the party injured as the person intoxicated would be liable to; and the party injured, or his or her legal representative, may bring either a joint action against the person intoxicated and the person who furnished the beverage,

or a separate action against each." (Emphasis added.)

It is a fundamental rule of statutory construction that a statute will not be construed in such a way as to lead to an absurd or unjust result. *City of Warwick v. Aptt*, 497 A.2d 721 (R.I. 1985); *Sugarman v. Lewis*, 488 A.2d 709 (R.I. 1985). It is also well established that when a statute is clear and unambiguous on its face, the words must be given their plain and ordinary meaning. *Cumberland School Committee v. Harnois*, 499 A.2d 752 (R.I. 1985); *Cocchini v. City of Providence*, 479 A.2d 108 (R. I. 1984). Moreover, statutes are to be construed in a way that furthers the intent of the Legislature. *Hydron Laboratories, Inc. v. Department of Attorney General*, 492 A.2d 135 (R.I. 1985).

■ Section 3–11–1 represents the current trend in our society to deal with the serious problem of alcohol-related injury by holding those individuals who dispense intoxicating beverages in violation of liquor laws responsible for the consequences of their actions. It is the manifest intent of the Legislature that this statute be construed liberally to further the Legislature's declared purpose of promoting the reasonable control of the traffic in alcoholic beverages. G.L. 1956 (1976 Reenactment) § 3–1–5. To implement this legislative intent, the statute was couched in the broadest of terms, allowing recovery for "any injury" caused by the wrongful action of an intoxicated person. The pain and suffering associated with a fatal injury as well as the wrongful death of an individual are certainly within the context of the phrase "any injury to the person." The plain language of the statute, when coupled with the clear legislative intent, compels a finding that the wrongful death of an individual constitutes a compensable injury under § 3–11–1.

---

**3.** Testimony at trial established that Chris Beaupre survived for a short period following the accident. Under Rhode Island's Wrongful Death Act, G.L. 1956 (1969 Reenactment) § 10–7–1 and § 10–7–7, as amended by P.L. 1984, ch. 237, § 1, damages for pain and suffering clearly would be recoverable if in this case the wrongful death of the decedent is compensable.

For these reasons the plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded for further proceedings consistent with this opinion.