JOAN J. MESSENGER, Indiv. and as Adm'r of the Estate of Susan I. Messenger, Deceased, and as Adm'r of the Estate of Lisa M. Messenger, Deceased, Plaintiff-Appellant, v. JOSEPH VOGLER, Adm'r of the Estate of Wayne C. Anderson, Jr., Deceased, Defendant (Stanton Point Ventures, Ltd., d/b/a Juke Box Saturday Night, Fox Lake, *et al.*, Defendants-Appellees).

Second District   No. 2—89—0701

Opinion filed March 27, 1990.

Gerard A. Facchini, of Law Offices of Gerard A. Facchini (Kenneth J. Sophie, of counsel), for appellant.

Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Louis W. Brydges, Jr., of counsel), for appellees.

JUSTICE McLAREN delivered the opinion of the court:
Plaintiff appeals from the dismissal of certain paragraphs contained in her second amended complaint seeking damages under the Liquor Control Act of 1934 (Dramshop Act or Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135). We affirm.

Plaintiff's decedents, daughters Susan and Lisa Messenger, were killed instantly on September 1, 1986, when the boat on which they were riding was rammed by a boat driven by Wayne Anderson. Plaintiff alleged in her complaint that defendants herein served alcohol to Anderson before the collision and that Anderson's intoxication was at least one cause of the collision. Count III of plaintiff's second amended complaint, the only count at issue in this appeal, sought damages under the Act for personal and pecuniary injuries sustained by decedents. Specifically, plaintiff appeals from the court's dismissal,

pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), of paragraphs 21(b) through 21(e) of count III of her complaint, which sought damages for the following injuries to the decedents:

"b. The temporary disability and disfigurement experienced by Susan and Lisa Messenger from the time of the occurrence in question until the time of death.

c. The permanent disability and disfigurement experienced by Susan and Lisa Messenger.

d. The nature and extent of the injuries which proximately resulted in the deaths of Susan and Lisa Messenger.

e. The pecuniary injuries sustained as a result of the deaths of Susan and Lisa Messenger."

The issue, as framed by the plaintiff, is whether the death (even instantaneous death) of an individual due to the wrongful conduct of an intoxicated person constitutes a compensable injury within the meaning of the phrase "injury to the person" under the Dramshop Act. We conclude that death is not an "injury to the person," and we affirm the trial court's ruling.

Section 6—21 of the Act, as amended in 1985, states in part:

"For all causes of action involving persons injured, *killed,* or incurring property damage after the effective date of this amendatory Act of 1985, in no event shall the judgment or recovery for injury to the person or property of any person exceed $30,000 for each person incurring damages, and recovery under this Act for loss of means of support resulting from the death or injury of any person shall not exceed $40,000." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 43, par. 135.)

The 1985 amendment, among other things, added the language "For all causes of action involving persons injured, killed, or incurring property damage after the effective date of this amendatory Act of 1985." Plaintiff interprets the inclusion of the word "killed" to mean that the death of the decedent is itself compensable, without having to prove that decedent also suffered any other damage, such as pain and suffering or medical bills. Our review of the words of the Act and the legislative debates surrounding the amendment do not lead us to the same conclusion. We believe that the legislature, in adding the word "killed" to the Act, simply intended to provide that a cause of action under the Act survived a decedent's death. This court had previously held that such actions survive death. (See *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876.) The words of the Act do not require an interpretation as broad as that given by plaintiff. In addition, the leg-

islative debates include no statement to support plaintiff's conclusion. When asked why he thought the bill amending this Act was necessary, the House sponsor of the bill replied:

> "Well, Representative Mautino, I believe that we found over the years since, I think, 1954 when the Dramshop was last amended to its limits that inflation has played a great toll upon our society, and that the recovery for these damages is in a fairly low amount of money, and this was an attempt when we started out based upon the DUI Task Force recommendations to bring up those recoverable amounts to a more reasonable sum of money." (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 165 (statements of Representative Countryman).)

We believe that a modification to the Act as significant as that urged by plaintiff would have been an acknowledged reason for amending the Act and would have been actively debated by the legislature. There is no indication that such a modification was even considered by the legislature.

Plaintiff cites for support *Beaupre v. Boulevard Billiard Club* (R.I. 1986), 510 A.2d 415, decided by the supreme court of Rhode Island. The court in *Beaupre* held:

> "The pain and suffering associated with a fatal injury as well as the wrongful death of an individual are certainly within the context of the phrase 'any injury to the person.' The plain language of the statute, when coupled with the clear legislative intent, compels a finding that the wrongful death of an individual constitutes a compensable injury." *Beaupre,* 510 A.2d at 416.

While the Rhode Island Supreme Court found clear legislative intent to expand the reading of its dramshop act, we are not so convinced of the intent of our own legislature to enlarge the classification of actionable injuries under our Act. It seems anomalous that a person injured to the extent that he dies immediately should have no cause of action for his personal injuries while a person less severely injured should be able to recover damages. However, the cause of action allowed under the Act is purely statutory and, as such, requires greater judicial restraint in attempts to alleviate perceived injustices. (*Stevens v. Lou's Lemon Tree, Ltd.* (1989), 187 Ill. App. 3d 458, 463.) Any expansion of the classification of injuries actionable under this Act must be undertaken by the legislature, not the courts. In the absence of clear legislative intent, we refuse to expand the right of recovery under this Act.

Plaintiff, in her prayer for relief, also seeks reinstatement of her

claims for damages for temporary and permanent disability and disfigurement and for pecuniary injuries. However, plaintiff has not addressed or argued these claims in her brief. We therefore will similarly disregard those claims.

A motion to dismiss admits all well-pleaded facts and all inferences which can be drawn from those facts for the purpose of determining whether, as a matter of law, those facts state a claim upon which relief may be granted. (*Maras*, 126 Ill. App. 3d at 889.) We conclude that plaintiff has failed to allege facts sufficient to show recoverable damages. We therefore find, as a matter of law, that plaintiff's complaint failed to state a cause of action, and we affirm the trial court's dismissal of the complaint.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.