ESTATE OF THOMAS W. BARNEY, Deceased, *et al.*, Plaintiffs-Appellants, v. ALICE BERRY, d/b/a Silver Dollar Saloon, Defendant (Steve Brookshier, d/b/a Bull Pen Lounge, *et al.*, Defendants-Appellees).

Fourth District   No. 4—92—0656

Opinion filed June 30, 1993.

David A. Tuggle, of Doyle & Tuggle, of Danville, for appellants.

David R. Moore, of Follmer Law Offices, of Urbana, for appellee Steve Brookshier.

494

Robert A. Hoffman, of Thomas, Mamer & Haughey, of Champaign, for other appellees.

JUSTICE KNECHT delivered the opinion of the court:

The estate of Thomas W. Barney, and Terry Barney, father of the deceased, appeal from the Vermilion County circuit court judge's grant of summary judgment in favor of defendants, Alice Berry, Steve Brookshier, Patty Bryant, and their respective drinking establishments. Plaintiffs contend the trial judge wrongly concluded as a matter of law decedent had not sustained personal injury which was compensable under the Illinois Dramshop Act (Act) (Ill. Rev. Stat. 1991, ch. 43, par. 135). We disagree and affirm.

## I. INTRODUCTION

On May 11, 1990, Doug Reffett was driving a vehicle in which Thomas Barney and Todd Piatt were passengers. An accident occurred which caused Thomas' death. Reffett was allegedly intoxicated as a result of consuming alcoholic beverages at various saloons, including the Silver Dollar Saloon and the Sportsman Inn, both located in the Village of Westville in Vermilion County, and the Bull Pen Lounge, located in the Village of Georgetown in Vermilion County. Plaintiffs filed an eight-count complaint seeking recovery pursuant to the Act. All of the aforementioned establishments and their owners were named as defendants. Only counts III, V, and VII of the amended complaint representing the estate of Thomas Barney against the Bull Pen Lounge and Sportsman Inn are at issue in this appeal. In these counts, the estate of decedent seeks recovery under the Act for injuries to the person suffered by the decedent.

Summary judgment is a drastic means of disposing of litigation and should be granted only when the right of the moving party is clear and free from doubt. It is appropriate only when the pleadings, depositions and admissions on file, together with the affidavits, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 823, 585 N.E.2d 1164, 1167.

The Act states, "[e]very person who is injured *** in person or property, by any intoxicated person has a right of action." (Ill. Rev. Stat. 1991, ch. 43, par. 135(a).) Plaintiff argues there was a genuine issue of material fact about whether the decedent suffered damages

compensable under the Act. The damages which the estate sought were decedent's funeral expenses and his pain and suffering.

## II. FUNERAL EXPENSES

■ Plaintiffs argue there was a genuine issue of material fact about whether the estate of the decedent was liable for decedent's funeral expenses, and should have been compensated for them. However, at the trial level, decedent's father sought compensation for the funeral expenses, arguing *he* had paid them. No evidence or argument was presented intimating the estate paid these expenses or was seeking compensation for them. Plaintiffs cannot now raise this argument for the first time. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.

Even on the merits, plaintiffs' claim would fail. Although an estate is under a legal obligation to pay an adult's medical and funeral expenses, when these expenses are paid by the decedent's parents, the decedent's estate has suffered no injury. *Maras v. Bertholdt* (1984), 126 Ill. App. 3d 876, 882-83, 467 N.E.2d 599, 604; see *Rinkenberger v. Cook* (1989), 191 Ill. App. 3d 508, 513, 548 N.E.2d 133, 136.

The estate in this case suffered no injury to its property to enable it to seek compensation under the Act. Count IV of plaintiffs' amended complaint alleged the decedent's parents paid the funeral bills. This destroys any claim the estate may have had to seek compensation for decedent's funeral expenses. There was no issue of fact about whether the decedent's estate was liable for or should be compensated for decedent's funeral expenses. The trial judge properly granted defendants summary judgment on this issue.

## III. PAIN AND SUFFERING

■ In defining "injury to the person" for which compensation can be sought under the Act, courts have concluded compensation cannot be sought when an individual dies *instantaneously* as a result of an intoxicated person's wrongful conduct. (*Messenger v. Vogler* (1990), 195 Ill. App. 3d 866, 868, 553 N.E.2d 61, 62; see also *Moore v. Swoboda* (1991), 213 Ill. App. 3d 217, 234-35, 571 N.E.2d 1056, 1068.) Plaintiffs argue there was a genuine issue of material fact about whether the decedent survived the vehicular accident and suffered pain before he died.

Plaintiffs rely on the second district ruling in *Maras* (126 Ill. App. 3d at 890, 467 N.E.2d at 609), in which the court concluded the trial judge erred by granting defendant's motion to dismiss be-

cause there were facts which could be proved to entitle plaintiff to recover for decedent's pain and suffering.

However, the circumstances before the court in *Maras* are distinguishable in that plaintiff there had not been provided time to produce evidence to prove the decedent sustained pain and suffering before she died. The decedent had been found unconscious 20 minutes after the accident. She remained unconscious until her death. The *Maras* court noted plaintiff might be able to recover for the pain incurred during the 20-minute span *if* plaintiff could establish the decedent sustained pain and suffering during the 20 minutes before she was found. *Maras*, 126 Ill. App. 3d at 890, 467 N.E.2d at 609.

■■ In the present case, the trial judge granted a summary judgment and not a motion to dismiss. Plaintiffs were specifically provided additional time to develop evidence the decedent survived the accident, if only briefly, so as to enable plaintiffs to prove decedent sustained pain and suffering before his death. The hearing on the motions for summary judgment was initially scheduled for September 27, 1991. The hearing on the motions related to counts III, V, and VII was continued by the trial judge to enable plaintiffs to produce such evidence. The second hearing did not occur until 10 months later, on July 21, 1992.

Plaintiffs were provided ample opportunity to adduce evidence to enable them to proceed on the claims based on decedent's alleged pain and suffering before his death. Plaintiffs failed to do so and did not seek an additional continuance of the hearing.

Moreover, at the summary judgment hearing, plaintiffs' counsel conceded he had no evidence related to the decedent's pain and suffering after the accident. He further stated Reffett was the only person at the scene who remained conscious after the accident and Reffett was unwilling to cooperate with plaintiffs' counsel.

According to the coroner's inquest report, the police officer who investigated the accident, Scott Wright, received a call that the accident had occurred at approximately 10:04 p.m. Upon arriving at the scene, Wright was directed to the decedent's body by someone who arrived earlier to provide assistance. The decedent's body was found a distance from the vehicle. The decedent was declared dead at 10:12 p.m. The report also stated there was never any sign of life observed in the decedent after the accident and decedent died of massive head injuries.

The decedent and Reffett had been thrown from the vehicle. The second passenger, Todd Piatt, was trapped in the vehicle. Plain-

tiffs attached an affidavit of Piatt to their response to defendants' motions for summary judgment. Piatt sustained a concussion in the accident. His affidavit stated he had no direct recollection of the accident and his recollection had been refreshed by family members, particularly his mother, who told him about statements he made while he was in the hospital and shortly after leaving the hospital.

Piatt's affidavit depicted that he and decedent were taken against their will at a very high rate of speed and knew before the impact the car would crash. Piatt reportedly told the decedent to brace himself. Plaintiffs contend a jury should have been permitted to consider Piatt's testimony. However, Piatt's affidavit represents a clear example of "double hearsay," which was not admissible. Piatt could not independently recall any of the events he represents in his affidavit. What a nonparty witness said outside of court is hearsay and is incompetent as evidence. *Kubisz v. Johnson* (1975), 29 Ill. App. 3d 381, 383-84, 329 N.E.2d 815, 817.

Nor could Piatt's statements have been admitted under the "excited utterance" exception to the hearsay rule. To be admitted as such, the event must have been startling enough to produce a spontaneous and unreflected statement. There must be an absence of time to fabricate and the statement must relate to the circumstances of the occurrence. *People v. House* (1990), 141 Ill. 2d 323, 381, 566 N.E.2d 259, 285.

Piatt's affidavit states he allegedly made the reported statements to family members during an extended period of time *after* the accident. Plaintiffs made no claim Piatt's statements were made in a state of excitement. Plaintiffs made no claim Piatt lacked time to fabricate, and the span of time in which he apparently made the remarks suggests such a claim could not be made. The only requirement Piatt's statements meets is that his statements relate to the circumstances surrounding the occurrence. However, this is insufficient to permit admission of his statements.

Plaintiffs finally argue because Reffett and Piatt survived the accident, it was reasonable to infer the decedent also suffered, albeit for a short time. However, no evidence was presented in support of this argument. The only reasonable conclusion the trial judge could draw from the lack of evidence was decedent did not survive the accident, but died instantaneously. The defendants were entitled to summary judgment as a matter of law where plaintiffs failed to make a sufficient showing on this essential element of their case for which they had the burden of proof. *Swisher v. Janes* (1992), 239 Ill. App. 3d 786, 794, 606 N.E.2d 798, 801-02.

## IV. Conclusion

Plaintiffs presented no evidence decedent survived the crash and suffered pain before he died. In the absence of such evidence, the trial judge properly granted summary judgment in favor of defendants.

Affirmed.

COOK and LUND, JJ., concur.